United States District Court
Southern District of Texas
FILED

SEP 1 8 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas

**ENTERED**

September 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GILBERTO LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:18-MC-1997 |
| | § | |
| WARDEN BRADLEY, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Gilberto Lopez, a federal prisoner proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) Petitioner is serving a sentence of life imprisonment after pleading guilty to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and more than 5 kilograms of cocaine. Petitioner claims (primarily) that his sentence was improperly enhanced pursuant to 21 U.S.C. § 851. (*Id.* at 7-8.) Petitioner was warned that § 2241 did not appear to be the proper vehicle for him to pursue his claims. (Docket No. 2.) However, after filing his § 2241 petition, Petitioner took no other affirmative action to move this case forward.

As discussed below, Petitioner has failed to prosecute this action, including failing to comply with a court order. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

In 2007, Petitioner pleaded guilty to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, and more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A). (*See United States v. Lopez*, 7:06-CR-544-02, Cr. Docket No.

256.)  At the time he filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner was serving a life sentence based on that conviction.  (*Id.* at Cr. Docket No. 284.)  At sentencing, the District Court noted that "a mandatory life [sentence] in this case seems excessive," however, Petitioner was facing "an automatic life sentence based on his *criminal history*."  (*Id.* at Cr. Docket No. 287, at 5-6 (emphasis added).)  The Court made clear that it was required to "apply" the law, but that Petitioner could "take the opportunity or advantage" of lowering his life sentence by "substantially assist[ing] the Government."  (*Id.* at 6, 11.)

As noted, Petitioner now challenges his sentence alleging that it was improperly enhanced pursuant to 21 U.S.C. § 851.  (Docket No. 1, at 7-8.)  Specifically, he argues that "his 1985, 1989, and 1991 prior Texas state drug convictions do not qualify as 21 U.S.C. [§] 851 predicate enhancements."  (*Id.* at 8.)  As such, he asserts "that he is actually and factually innocent of the 21 U.S.C. [§] 851 predicates used against him" to enhance the sentence to life imprisonment.  (*Id.* at 2.)

However, after filing his § 2241 petition, Petitioner was warned that "[t]o properly evaluate [his] claims, the Court may recharacterize the petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255."  (Docket No. 2, at 1.)  He was given an opportunity to "amend or withdraw" his § 2241 petition.  (*Id.* at 1-2.)  However, the Court's order was returned as undeliverable.  (Docket No. 3.)  Specifically, the order was marked as "unable to forward," suggesting that Petitioner failed to keep the Clerk updated as to his current address.  (*Id.*)

Petitioner later updated his address with the Clerk.  (Docket Nos. 4, 6.)  In addition, for a variety of reasons he has twice requested an extension of time to respond to the Court's previous order.  (Docket Nos. 7, 9.)  The Court granted both of Petitioner's requests for additional time, the most recent being in May of 2020.    (Docket Nos. 8, 10.)  However, to date, he still has failed to

respond to the Court's order regarding the nature of his action.  In fact, other than filing his original § 2241 petition, he has failed to take affirmative action to move this case forward.

## II. ANALYSIS

Petitioner's action is subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order."  FED. R. CIV. P. 41(b).  Such a dismissal may be made upon motion by the opposing party or on the court's own motion.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).  Petitioner has failed to comply with the relevant rules and to prosecute this action.

To begin with, whether § 2241 is the appropriate means for Petitioner to pursue his claims is entirely unclear.  Petitioner was made aware of this fact, and he was ordered to respond appropriately.  He failed to do so.  Furthermore, Petitioner has a pattern of failing to keep the Clerk updated as to his current address (Docket Nos. 3); and perhaps more importantly, he has repeatedly failed to respond to directives from the Court (*See* Docket Nos. 2, 8, 10).

In short, Petitioner has failed to prosecute this action.  Because Petitioner has failed move his case forward, and has failed to respond to the Court's order, this case should be dismissed for failure to prosecute.  *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address

change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep apprised of their correct address); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action sua sponte for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders). It appears that no lesser sanction is available, since Petitioner failed to comply with the Court's order and has taken no other action in this case.[1] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

## III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be DISMISSED for failure to prosecute. It is further recommended that Petitioner be denied a certificate of appealability as unnecessary.[2]

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. §

---

[1] A copy of this Report will be sent to Petitioner at the address he provided. Should Petitioner respond to the Report by complying with the prior order (Docket Nos. 2, 8, 10), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

[2] A petitioner "proceeding under § 2241 . . . is not required to obtain a certificate of appealability to pursue [a direct] appeal." *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).

636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on the 18th day of September, 2023.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE